

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

XXXXXXXXXXON

**ATTORNEY GENERAL**

AUSTIN 11, TEXAS

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-5044

Re: Payment of "pre-session" employees of 48th Legislature.

Your letter of January 20, 1943, is quoted below:

"There has been presented to this department for payment a pay roll for pre-session employees of the Forty-eighth Legislature. Services for this pay roll were incurred prior to the time the Forty-eighth Legislature convened.

"Am I authorized to issue warrant in payment of such pay roll against funds appropriated for contingent expenses of the Forty-eighth Legislature?

"The Forty-seventh Legislature, by resolution, provided for a certain number of days in which employees of the Forty-seventh Legislature were to complete certain post-session work, but apparently the number of days provided for in the resolution were insufficient for the employees to complete the work.

"Am I authorized to issue warrant for payment of a pay roll providing for compensation for a number of days in excess of the number allowed by resolution by the Forty-seventh Legislature?

"Can the Forty-eighth Legislature, by resolution, authorize the payment of this excess service out of the contingent expense account of the Forty-eighth Legislature?

Article 3, Section 44, of the Texas Constitution provides:

"The Legislature shall provide by law for

the compensation of all officers, servants,
agents and public contractors, not provided
for in this Constituion, but shall not grant
extra compensation to any officer, agent, ser-
vant, or public contractors, after such public
service shall have been performed or contract
entered into, for the performance of the same;
nor grant, by appropriation or otherwise, any
amount of money out of the Treasury of the
State, to any individual, on a claim, real or
pretended, when the same shall not have been
provided for by pre-existing law; nor employ
any one in the name of the State, unless author-
ized by pre-existing law."

Under this section of the Constitution, the Legislature
can not pay claims incurred without pre-existing authority of
law. Therefore, unless the services for which compensation is
proposed to be made were rendered pursuant to a law authorizing
the employment of persons to render them, Section 44 of Article
3 interposes an insuperable bar to payment therefor. Nichols
v. State, (Civ. App.) 32 S.W. 452; State v. Halerman, (Civ.
App.) 163 S.W. 1020; State v. Wilson, (Sup. Ct.), 9 S.W. 155;
State v. Perlstein, (Civ. App.), 79 S.W. (2) 143; Corsicana
Cotton Mills v. Sheppard, (Sup. Ct.), 71 S.W. (2) 247; Fort
Worth Cavalry Club v. Sheppard, (Sup. Ct.), 83 S.W. (2) 660;
State v. Ragland Clinic-Hospital, (Sup. Ct.), 159 S.W. (2)
105.

We find no authorization for the employment of such
persons to render the services for which the payroll is sub-
mitted, antedating the rendition thereof. The services all
appear to have been rendered prior to the session of the 48th
Legislature. The 47th Legislature made the usual appropria-
tions for contingent expenses of its session. The Senate, on
July 3, 1941, passed a resolution (S.R. No. 185) which provid-
ed in part:

"Be it resolved by the Senate, that the
following named employees be retained for the
number of days, and at the per diem salary,
specified in each case to perform such duties
as may be required of them in connection with
the business of the State, viz:"

There followed a detailed list of the employees to be
retained, the number of days for which they were to be retained,
and the per diem salary to be paid each employee. Payment
therefor was directed to be made out of the contingent expense
fund of the 47th Legislature.

The listing of employees to be retained excludes the idea that others than those listed might be retained. The listing of the number of days for which the specified employ- ees might be employed excludes the idea that such employees might be hired for a longer period of time. And the specifi- cation of the amount of salary to be paid each listed employee excludes the idea of authority to contract to pay a greater amount. "The expression of the one operates to exclude the other." To define the authority to employ is to limit the power to employ to the limits prescribed by its definition.

You have informed us that the authority conferred by this resolution was exercised in full, and payment has already been made to the full extent of the authority given by the Resolution. The present payroll is for services rendered for days in excess of the number of days for which the Resolution authorized such employees to be engaged. Employment of such persons for periods in excess of those authorized by the Resolution was without authority and imposed no legal obliga- tion upon the State. Hence, Article 3, Section 44, prohibits the Legislature from paying for such services by appropriation or otherwise.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/R. W. Fairchild
R. W. Fairchild
Assistant

RWF-MR-wc


APPROVED JAN 29, 1943
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman